UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHEN J. ELLISON and
ANITA L. ELLISON,

                DECISION & ORDER

        Plaintiffs,

                12-CV-6261L

        v.

ALLSTATE INDEMNITY COMPANY,

        Defendant.
_____

        Stephen J. Ellison and Anita L. Ellison (the "Ellisons") filed this action against Allstate Indemnity Company ("Allstate"), asserting claims for breach of contract and bad faith arising out of Allstate's disclaimer of insurance coverage for damages that allegedly occurred to the Ellisons' residence. (Docket # 1-3). Currently pending before this Court is Allstate's motion to compel and to preclude. (Docket # 23).

        Allstate seeks an order compelling the Ellisons to provide supplemental responses to certain discovery demands propounded by Allstate. (Docket # 23-1 at ¶ 28). Specifically, Allstate seeks supplemental responses to its interrogatories numbered 11, 14 and 16 and its document requests numbered 7, 8 and 9. (*Id*.). In addition, Allstate seeks an order precluding any trial testimony of a non-party, Robert Sutherby ("Sutherby"), who allegedly performed services at the Ellisons' home. (*Id*. at ¶ 32). According to Allstate, Sutherby has failed to respond to an April 9, 2013 subpoena *duces tecum* requesting the production of documents. In

addition, Allstate contends that Sutherby failed to appear in response to a September 23, 2013 subpoena directing him to attend a deposition on September 30, 2013.

On October 24, 2013, this Court issued a motion scheduling order requiring the Ellisons to respond to Allstate's motion to compel by no later than November 6, 2013, providing that any replies by Allstate be filed no later than November 20, 2013, and scheduling oral argument for November 26, 2013. (Docket # 24). The Ellisons did not oppose the motion. On November 20, 2013, Allstate filed a reply to the motion stating that it has not received any response to the motion from the Ellisons. (Docket # 25). Having received no opposition from the Ellisons, on November 25, 2013, this Court adjourned without date the oral argument on the motion. Later that day, the Ellisons' attorney wrote to the Court explaining that he had inadvertently overlooked the deadline for filing an opposition. (Docket # 28). In the letter, the Ellisons did not oppose producing the information identified in Allstate's motion to compel. (*Id.*). With respect to the motion to preclude, the letter asserted that the Ellisons had no ability to control the non-party witness, and, in any event, the appropriate remedy would be a court order compelling the non-party witness to appear in response to the subpoenas. (*Id.*).

Failure to oppose a pending motion may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion. *See*, *e.g.*, *TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motion was sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y. 2003) (same). In this case, the motion scheduling order afforded the Ellisons sufficient time to respond to the pending motion. Since

failing to respond, their attorney has submitted a letter indicating his intention to supplement the challenged responses.

Accordingly, Allstate's motion to compel is granted on the grounds that it is unopposed, and the Ellisons are ordered to provide supplemental responses to interrogatories numbered 11, 14 and 16 and document requests numbered 7, 8 and 9. In granting the motion, the Court notes that the Ellisons' responses to document requests numbered 8 and 9 indicate that they "are not in possession of" responsive documents. (Docket # 23-4). While the Court cannot compel production of documents that do not exist, *Breedlove v. Mandell*, 2008 WL 596864, *2 (W.D.N.Y. 2008) (denying motion based on party's representation that it had no record of requested document because "[c]ourt cannot compel production of what does not exist") (quoting *Am. Banana Co. v. Republic Nat'l Bank of New York, N.A.*, 2000 WL 521341, *3 (S.D.N.Y. 2000)), it is not clear from the response whether the requested documents are otherwise in the Ellisons' custody or within their control to produce and therefore subject to production, *see In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y.) (recognizing that Rule 34(a) requires production of not only documents that are within a party's possession, but also those within a party's control), *aff'd*, 2007 WL 1518632 (S.D.N.Y. 2007).

With respect to the portion of Allstate's motion that seeks preclusion of any trial testimony of Sutherby, that portion of the motion is denied. First, the moving papers do not contain any allegations suggesting that the Ellisons somehow influenced the non-party, Sutherby, to ignore the subpoenas. In the absence of such allegations, the proper course is for Allstate to seek an order compelling Sutherby to comply with the subpoenas and, if such order is unsuccessful in obtaining his compliance, to seek an order holding him in civil contempt

pursuant to Rule 45(e) of Federal Rules of Civil Procedure.  *See Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 2008 WL 3852046, *2 (S.D.N.Y. 2008) ("Rule 45(e) provides the only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty[;] . . . [t]o impose sanctions on a nonparty, however, the violation of a court order is also generally required").

## CONCLUSION

Accordingly, Allstate's motion to compel and to preclude (**Docket # 23**) is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

        *s/Marian W. Payson*
        MARIAN W. PAYSON
        United States Magistrate Judge

Dated: Rochester, New York
      November  26 , 2013